UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06cr-93-R

UNITED STATES OF AMERICA,                                                                    PLAINTIFF

v.

DANIEL L. COBBLE,                                                                              DEFENDANT

**OPINION & ORDER**

This matter comes before the Court on Defendant Daniel L. Cobble's ("Cobble") Motion for Reconsideration (Docket #28). The Plaintiff, the United States of America ("Government") has responded to this motion (Dockets #43 and #52), and the Defendant has filed two (2) replies to that response (Dockets #56 & #73). This matter is now ripe for adjudication. For the following reasons, the Defendant's motion is **DENIED**.

**BACKGROUND**

The Defendant alleges that the Court should reconsider his incarceration because the Government has falsely imprisoned him through: fabrications by Assistant United States Attorney ("AUSA") James Lesousky; filing another criminal complaint against him; and because false imprisonment is a reversible error. Cobble claims that the reason why he has been incarcerated is because of false statements made by AUSA Lesousky. In addition, Cobble asserts that his crime was not violent because his actions constituted a warning that the Government has not abided by the United States Constitution. Cobble contends that the lawfulness of his method of warning citizens should be determined by a jury. In response, the Government contends that Cobble has no factual or legal basis to support his claims that AUSA Lesousky fabricated claims against him, and that the determination by Magistrate Judge David Whalin that Cobble's charged incident qualified as violent was supported by both the law and

the record.

## DISCUSSION

The Court concurs with the Government that Cobble has no basis to support his claim that AUSA Lesousky made false statements to incarcerate and/or continue to detain Cobble. On hearing before Magistrate Judge David Whalin on May 30, 2006, and June 15, 2006, the Court determined that based on the evidence submitted Cobble should remain in custody pending trial. The Court sees no error in the holdings by the Magistrate Judge on this matter.

In addition, Cobble also argues that his actions did not qualify as a "violent act" for purposes of detention without bail under 18 U.S.C. §3142(f)(1)(A) and 18 U.S.C. §3156(a)(4)(A). However, Cobble has openly admitted to defacing and damaging federal property, causing $20,000 worth of damage. 18 U.S.C. §3156(a)(4)(A) defines a violent act as "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another."

Here, the damage done to the property of the Government shows the violent nature of the act against United States property. In addition, at his detention hearings, Judge Whalin noted a history of violence on behalf of the Defendant, which further the supports the decision of Judge Whalin to keep Cobble in detention. Accordingly, Cobble is not being falsely imprisoned.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendant's Motion for Reconsideration is **DENIED**.