UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06cr-93-R

UNITED STATES OF AMERICA,                                                                    PLAINTIFF

v.

DANIEL L. COBBLE,                                                                                    DEFENDANT

**OPINION & ORDER**

This matter comes before the Court on Defendant Daniel L. Cobble's ("Cobble") Motion for Release from Custody based on the United States of America's conflict of interest (Docket #48). The Plaintiff, the United States of America ("Government") has responded to this motion (Docket #81), and the Defendant replied to that response before the Government filed its response (Docket #75). In addition, the Defendant filed a subsequent reply after the Government filed its response (Docket #92). This matter is now ripe for adjudication. For the following reasons, the Defendant's motion is **DENIED**.

**BACKGROUND**

The Defendant alleges that he should be released from incarceration on his own recognizance because of a conflict-of-interest involving both the Court and Government. In particular, Cobble claims that since his affirmative defense in this case is Government corruption by both the prosecutors and the courts, the Government and the Court protect and benefit themselves by keeping him confined. Cobble further alleges that his confinement as it relates to the allegations of corruption conflicts with the interest of justice as set forth in the United States Constitution. In response, the Government contends that Cobble's motion is without legal and factual support.

**DISCUSSION**

The Sixth Circuit Court of Appeals, in *U.S. v. Sammons*, stated that "[i]t has long been the law of this circuit that 'a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.' *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.1990)...[t]he standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held. Browning v. Foltz, 837 F.2d 276, 279 (6th Cir.1988)." *U.S. v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).  A district court judge may order and/or a prosecutor should recuse himself from a case if there is an actual conflict of interest or there is an appearance of impropriety based on his/her representation in the case. *See In re Grand Jury Subpoenas*, 573 F.2d 936, 942 (6th Cir. 1978); *see also United States v. Calandra*, 414 U.S. 338 (1974).

In the instant case, the Defendant has not demonstrated or alleged any valid reason that would require the Judge or the Assistant United States Attorneys in this matter to recuse themselves for an actual or apparent conflict of interest.  Though Cobble believes there is a conflict of interest in this matter, his subjective belief does not warrant a removal in this case.  Accordingly, no actual or apparent conflict of interest exists in this matter.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendant's motion is **DENIED**.