UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06cr-93-R

UNITED STATES OF AMERICA,                                                                PLAINTIFF

v.

DANIEL L. COBBLE,                                                                       DEFENDANT

## OPINION & ORDER

This matter comes before the Court on Defendant Daniel L. Cobble's ("Cobble") Supplemental Motion to Dismiss (Docket #67), Motion to Quash (Docket #68), Motion for Reconsideration (Docket #70) and Motion for a Bail Hearing (Docket #77). The Plaintiff, the United States of America ("Government") has responded to these motions (Docket #93), and the Defendant has replied to that response (Docket #96). This matter is now ripe for adjudication. For the following reasons, the Defendant's motions are **DENIED**.

## BACKGROUND

It is charged that on May 26, 2006, Cobble drove a U-Haul rental truck onto the sidewalk outside of the Gene Snyder United States Courthouse in Louisville, Kentucky. The truck contained sixteen (16) five (5) gallon cans of asphalt paving. It is charged that Cobble parked his vehicle on the sidewalk and proceeded to dump all sixteen (16) cans of asphalt paving on exterior and interior portions of the courthouse. A detention hearing was held for Cobble on May 30, 2006, where it was estimated that the cost of cleaning up the asphalt was $20,000.00. Cobble has admitted in both his arraignment and subsequent pleadings filed in this matter that he committed the acts charged in the indictment as a form of protest for what he contends is unfair treatment by the United States courts concerning previously filed district court cases.

## DISCUSSION

Cobble has made numerous allegations within the four (4) motions. The Court will address each of these motions separately.

### 1. Motion for Reconsideration

Cobble has filed a motion to reconsider the Court's order for him to undergo a psychiatric evaluation (Docket #62). Since the filing of that motion Cobble has undergone his evaluation. Accordingly, his motion is moot for purposes of consideration by the Court, and fails as a matter of law. Therefore, Cobble's motion for reconsideration is **DENIED**.

### 2. Supplemental Motion to Dismiss

In his Supplemental Motion to Dismiss, Cobble has alleged nine (9) claims that he believes warrant a dismissal of the instant matter. They include: false imprisonment; no assistance of counsel; denied access to the Court; liberty denied without due process; a "poisoned" indictment; obstruction and conspiracy; false imprisonment; unlawful collaboration; that the Court Clerk has denied him access to the Court; and rights to privilege information denied.

Looking at his initial false imprisonment claim for failure to receive bail, Cobble argues that his actions did not qualify as a "violent act" for purposes of detention without bail under 18 U.S.C. §3142(f)(1)(A) and 18 U.S.C. §3156(a)(4)(A). However, Cobble has openly admitted to defacing and damaging federal property, causing $20,000 worth of damage. 18 U.S.C. §3156(a)(4)(A) defines a violent act as "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another."

Here, the damage done to the property of the Government initially warranted a denial of bail as well as another bail hearing because of the violent nature of the act against United States

property. In addition, at his detention hearing, Magistrate Judge David Whalin noted a history of violence on behalf of the Defendant, which further the supports the decision of Judge Whalin to deny bail. Accordingly, Cobble is not being falsely imprisoned.

In regards to his assistance of counsel claim, Cobble alleges that because he was barred from the law library at the Grayson County Detention Center, his Sixth Amendment rights were violated. However, Cobble has misinterpreted the Sixth Amendment right, which guarantees a criminal defendant an attorney, with what he believes is an unlimited right to access of legal materials at a prison law library whenever he pleases. A counsel was appointed to repesent the Defendant, and Cobble rejected this representation. As such, Cobble has elected to represent himself. Accordingly, he has not been denied assistance of counsel under the Sixth Amendment.

However, in regards to his access to the law library (denied access to the Court claim), the Court notes that Cobble should have access to the law library at the Grayson County Detention Center in compliance with prison rules and library hours.

The liberty denied without due process claim by Cobble regarding his Fifth Amendment rights because the Magistrate Judge Whalin denied his release is not a cognizable claim, and Cobble has cited no law in support of this claim. The Court concurs with the decision of the Magistrate Judge regarding his decision not to release Cobble after his arrest. Accordingly, his Fifth Amendment claim for denial of liberty fails as a matter of law. The same holds true for Cobble's charges regarding a "poison indictment, obstruction and conspiracy" concerning the grand jury's June 21, 2006 decision to indict Cobble. The Defendant cites no law or authority to support his claim that the indictment was a Fifth Amendment violation, and in reviewing the record the Court finds that the Government did not misconstrue the facts or events when it went

before the grand jury, especially since Cobble admitted to his actions at the detention hearing. Accordingly, Cobble's poisoned indictment claim fails as a matter of law.

In looking at his second false imprisonment claim, as determined *supra*, Cobble is not entitled to another bail hearing as the Magistrate Judge properly determined that Cobble's actions qualified as "violent" under the statute, and therefore, the Court did not have to provide the Defendant with bail and/or a second bail hearing. In addition, as determined *supra*, the psychiatric evaluation of the Defendant has already taken place, and therefore, any determination by the Court on this matter would be moot under the circumstances. As such, the unlawful collaboration claim, asserted without factual of legal support, as argued by Cobble against the Government for "unlawfully" collaborating against him by requesting the psychiatric evaluation, fails as a matter of law. However, the Court will consider the issues of bail at the judicial proceeding set for November 21, 2006.

The claim that the Court Clerk has denied him access to the Court, and therefore, warrants a dismissal of this matter, is not supported by facts as to what was denied nor has the Defendant provided any case law to support his claim. In looking at the docket, the Court finds that the Defendant has had ample opportunity to file his claims and motions. Accordingly, this claim also fails as a matter of law.

Lastly, in regards to his claim involving access to privileged information, Cobble has once again neither cited any case law nor specific evidence to support his allegation that the Government is either forcing him to turn over privileged information and/or putting at risk any information he has disclosed. Accordingly, the Court finds no violation in regards to the allegation involving privileged information. Therefore, the Defendant's Supplemental Motion to

4

Dismiss is **DENIED**.

### 3. Motion to Quash

Cobble contends that the Court should quash his indictment because the Government committed fraud by giving a false appearance of damage to the courthouse steps and that Government attorneys misconstrued this information to the grand jury. The Sixth Circuit Court of Appeals, in *U.S. v. Short*, held that:

> A defendant has no right to have an indictment dismissed merely because incompetent or inadequate evidence was presented to the Grand Jury. *Lawn v. United States*, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). But a motion to dismiss or quash an indictment because of the absence or incompetency of evidence before the Grand Jury is addressed to the discretion of the trial court, and the decision to grant or deny the motion will not be reversed unless there has been an abuse of that discretion. *Carrado v. United States*, 93 U.S.App.D.C. 183, 210 F.2d 712, 717 (D.C.Cir.1953), cert. denied 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140 (1954); Stewart v. United States, 300 F. 769, 777 (8 Cir. 1924). As long as there is some competent evidence to sustain the charge issued by the Grand Jury, an indictment should not be dismissed.

*U.S. v. Short*, 671 F.2d 178, 181 (6th Cir. 1982). In reviewing Cobble's complaint and in looking at the record, the Court finds no reason to quash the indictment in this matter. Enough competent evidence was brought before the grand jury so that they could issue an indictment. Accordingly, Cobble's Motion to Quash is **DENIED**.

### 4. Motion for a Bail Hearing Prior to His Psychiatric Evaluation

As determined *supra*, not only is this point moot as the psychiatric evaluation has already taken place, but also the Court has determined that Cobble is not entitled a second bail hearing prior to that examination. Accordingly, the Defendant's Motion for a Bail Hearing Prior to the Psychiatric Evaluation is **DENIED**. However, as noted *supra*, the Court shall address the issue of bail at the November 21, 2006 hearing.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendant's motions (Dockets #67, #68, #70 and #77) are **DENIED**.