UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06cr-93-R

UNITED STATES OF AMERICA,                                                           PLAINTIFF

v.

DANIEL L. COBBLE,                                                                   DEFENDANT

## OPINION & ORDER

This matter comes before the Court on Defendant Daniel L. Cobble's ("Cobble") Motion to Dismiss (Docket #59). The Plaintiff, the United States of America ("Government") has responded to this motion (Docket #78), and the Defendant replied to that response before the Government filed its response (Docket #72). In addition, the Defendant filed a subsequent reply after the Government's response (Docket #91). This matter is now ripe for adjudication. For the following reasons, the Defendant's motion is **DENIED**.

## BACKGROUND

The Defendant alleges that Assistant United States Attorneys ("AUSAs") James R. Lesousky, Jr. and Michael Bennett, committed prosecutorial misconduct, including conspiracy, arguing that material evidence to this case as well as his private property have been misplaced and/or destroyed by the Government. In particular, after the incident in question took place on May 26, 2006, Cobble asserts that U.S. Marshals, on the order of the AUSAs in this matter, took possession of materials in the U-Haul truck that belonged to Cobble, and destroyed these materials. Included in those materials was a box of documents that the Marshal's Service took possession of and marked as "EVIDENCE" and other items used during the incident in question. The box was turned over to the Defendant on June 15, 2006, before a hearing with Magistrate Judge David Whalin. Other items contained in the U-Haul were photographed, and included:

signs, buckets, a table a stool brought by Cobble to the courthouse on May 26, 2006. These items were returned to U-Haul after the FBI released the vehicle from custody.

## DISCUSSION

The Sixth Circuit Court of Appeals, in *U.S. v. Jobson*, held that:

> Under the Due Process Clause, the Supreme Court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence." *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982)). Under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963), the suppression of material exculpatory evidence violates a defendant's due process rights, irrespective of the good faith or bad faith of the prosecution. However, where the government fails to preserve evidence whose exculpatory value is indeterminate and only "potentially useful" to defendant, we apply a different test. *Arizona v. Youngblood*, 488 U.S. 51, 57-58, 109 S.Ct. 333, 337-38, 102 L.Ed.2d 281 (1988). In such a case, the defendant must show: **(1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means**. *See Youngblood*, 488 U.S. at 57-58, 109 S.Ct. at 337-38; Trombetta, 467 U.S. at 488-89, 104 S.Ct. at 2533-34. (emphasis added).

*U.S. v. Jobson*, 102 F.3d 214, 218 (6th Cir. 2001). "The first two elements of this tripartite test are inter-related. 'The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed.' *Youngblood*, 488 U.S. at 56-57...To establish bad faith, then, a defendant must prove 'official animus' or a 'conscious effort to suppress exculpatory evidence.' *Trombetta*, 467 U.S. at 488, 104 S.Ct. at 2533." *Jobson* at 218.

In the instant matter, Cobble has failed to satisfy the three-part *Youngblood* test adopted by the Sixth Circuit Court of Appeals in *Jobson*. The Defendant has not demonstrated bad faith on the part of the Government because he has not shown "official animus" from AUSAs

Lesousky and Bennett.  Cobble has merely asserted what he believes to be his theory as to why the evidence from his truck was not present during his June 15, 2006 hearing before Magistrate Judge Whalin, but has not alleged any facts or reasons that would demonstrate bad faith for purposes of the *Youngblood* test.  Further, for purposes of that hearing and the *Youngblood* test, photographic evidence of all the alleged missing materials was present for the Court.  As such, the nature of that evidence was available to the Defendant by other reasonable means.  Accordingly, the United States has not violated the Fifth Amendment Due Process rights of the Defendant, and therefore, his motion to dismiss with prejudice fails as a matter of law.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED**.